

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § § | CASE NO. 1:11-CR-11(3) |
| SAVANA MARIE MILLER | § § § | |

### FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA
### BEFORE THE UNITED STATES MAGISTRATE JUDGE

By order of the District Court, this matter was referred to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrate judges have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On July 28, 2011, this cause came before the undersigned United States Magistrate Judge for entry of guilty pleas by Defendant Savana Marie Miller, on **Counts Seven and Eighteen** of the **First Superseding Indictment** filed in this cause. Count Seven of the First Superseding Indictment alleges that on or about November 2, 2010, in Jefferson County, Texas, in the Eastern District of Texas, Robert Lee White, John Wesley Batiste, Jr., and Savana Marie Miller,

1

defendants, did unlawfully obstruct, delay, and affect commerce as that term is defined in 18 U.S.C. § 1951, and the movement of articles and commodities in commerce, by robbery, as that term is defined in 18 U.S.C. § 1951, in that the defendants did unlawfully take personal property consisting of approximately $2,800 in U.S. currency belonging to the Subway #1186 located at 1155 South 11th Street, Beaumont, Texas, from the presence of an employee against his will by means of actual and threatened force, violence, and fear of immediate and future injury to his person, while the employee engaged in commercial activities as an employee of Subway #1186, a business that was engaged in and affects interstate commerce, in violation of 18 U.S.C. §§ 1951 and 2.

Count Eighteen of the First Superseding Indictment charges that on or about November 2, 2010, in the Eastern District of Texas, Robert Lee White, John Wesley batiste, Jr., and Savana Marie Miller, defendants, did knowingly and unlawfully use, carry, and brandish a firearm, that is, a black pistol-grip shotgun, during and in relation to a crime of violence for which they may they may be prosecuted in a court of the United States, that is, interference with commerce by violence, as set forth in Count Eight of the First Superseding Indictment, in violation of 18 U.S.C. §1951, all in violation of 18 U.S.C. §§ 924(c) and 2.

Defendant Savana Marie Miller, entered pleas of guilty to Counts Seven and Eighteen of the First Superseding Indictment into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

    a.    That Defendant, after consultation with counsel of record, has knowingly, freely

and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

  b. That Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal.

  c. That Defendant is fully competent and capable of entering informed pleas, that Defendant is aware of the nature of the charges and the consequences of the pleas, and that the pleas of guilty are knowing, voluntary and freely made pleas. Upon addressing Defendant personally in open court, the Court determines that her pleas are voluntary and did not result from force, threats or promises. *See* FED. R. CRIM. P. 11(b)(2).

  d. That Defendant's knowing, voluntary and freely made pleas are supported by an independent factual basis establishing each of the essential elements of the offenses and Defendant realizes that her conduct falls within the definition of the crimes charged under 18 U.S.C. § 1951 and 18 U.S.C. § 924(c).

## **STATEMENT OF REASONS**

As factual support for Defendant's guilty pleas, the Government presented a factual basis. *See Factual Basis and Stipulation.* In support, the Government would prove that Defendant Savana Marie Miller, is one and the same person charged in the First Superseding Indictment and that the events described in the First Superseding Indictment occurred in the Eastern District of Texas. The Government would also have proven, beyond a reasonable doubt, each and every essential element of the offenses alleged in Counts Seven and Eighteen of the First Superseding

Indictment through the testimony of witnesses, including expert witnesses, and admissible exhibits. In support of the Defendant's plea, the Court incorporates the proffer of evidence described in detail in the factual basis and stipulation, filed in support of the plea agreement.

Defendant Savana Marie Miller, agreed with and stipulated to the evidence presented in the factual basis. Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty. Defendant agreed with the evidence presented by the Government and personally testified that she was entering her guilty pleas knowingly, freely and voluntarily.

## **RECOMMENDED DISPOSITION**

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the guilty pleas of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offenses charged in **Counts Seven and Eighteen** of the charging **First Superseding Indictment** on file in this criminal proceeding. The Court also recommends that the District Court accept the plea agreement.[1] Accordingly, it is further recommended that,

---

[1] "(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." FED. CRIM. P. 11(c)(3)-(5).

Defendant Savana Marie Miller be finally adjudged as guilty of the charged offenses under Title 18, United States Code, Sections 1951 and 924(c).

Defendant is ordered to report to the United States Probation Department for the preparation of a pre-sentence report. At the plea hearing, the Court admonished the Defendant that the District Court may reject her plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement, the federal sentencing guidelines and/or the pre-sentence report because the sentencing guidelines are advisory in nature. The District Court may defer its decision to accept or reject the plea agreement until there has been an opportunity to consider the pre-sentence report. *See* FED. R. CRIM. P. 11(c)(3).

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 1(a), 6(b), and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate judge's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d

619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 16th day of August, 2011.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE